UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X
                                                                                                             :

MUHAMMAD SULTAN MUGHAL,                   :          14-CV-2505 (ARR)(SMG)

                                                            :

                Plaintiff,                              :          **NOT FOR ELECTRONIC**
                                                            :          **OR PRINT**
     -against-                                            :          **PUBLICATION**
                                                            :

PAKISTAN INTERNATIONAL AIRLINES        :          **MEMORANDUM &**
CORPORATION, also known as PIA,          :          **ORDER**
                                                             :

                Defendant.                             :
---------------------------------------------------------------------- X

ROSS, United States District Judge:

       Plaintiff Muhammad Sultan Mughal brought this negligence action for damages from injuries Mughal allegedly sustained on March 31, 2011 after he slipped and fell in a lavatory of a transit lounge in the Allama Iqbal International Airport in Lahore, Pakistan. *See* Plaintiff's Verified Complaint ("Compl."), Ex. A, Def.'s Statememt of Undisputed Facts Pursuant to Local Civil R. 56.1 ("Def.'s 56.1 Stmt."), ECF No. 38-1. Defendant Pakistan International Airlines Corporation (PIA) has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56 on the ground that plaintiff's action is time-barred under Article 35 of the Montreal Convention,[1] which PIA contends governs this action, because plaintiff filed his complaint more than two years after the alleged incident. Def.'s Mem. of Law in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Mot.") 1, ECF No. 39. For the reasons stated below, I grant PIA's motion.

---

[1] Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on May 28, 1999 (entered into force on November 4, 2003), *reprinted in* S. Treaty Doc. 106-45, 1999 WL 33292734 (2000) ("Montreal Convention").

1

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are undisputed.[2] On March 31, 2011, plaintiff allegedly slipped and fell in a lavatory in the Allama Iqbal International Airport in Lahore, Pakistan while waiting for a connecting flight. *See* Def.'s 56.1 Stmt. ¶ 2. When plaintiff fell, he was a ticketed passenger on PIA Flights PK 681 and 723 from Islamabad, Pakistan to New York, New York via Lahore, Pakistan on March 30 to 31, 2011. *Id.* ¶ 1. PIA owned the airline, including the transit lounge, where PIA directed plaintiff to stay while waiting for his connecting flight. Compl. ¶ 18. As a result of the incident, plaintiff claims that he sustained injuries to his brain, head, right ribs, and right wrist. Def.'s 56.1 Stmt. ¶ 3. He allegedly received medical treatment at three medical facilities between March 31, 2011 and June 11, 2011, including Mount Sinai Hospital, Bellevue Hospital, and Sunrise Manor Center for Nursing. *Id.* ¶ 4.

On March 27, 2014, plaintiff filed a summons and verified complaint in the Supreme Court of the State of New York, County of Queens. *Id.* ¶ 5. On April 18, 2014, PIA removed this action to this Court "on the grounds that PIA is a 'foreign state,' and this Court has original jurisdiction to hear claims against a foreign state." Def.'s Mot. 2. On October 22, 2015, PIA filed its motion for summary judgment, contending that plaintiff's action is time-barred under the Montreal Convention because plaintiff "failed to commence an action within two years from the date of his arrival, the date on which he ought to have arrived, or the date on which carriage stopped." *Id.* In response, plaintiff argues that New York law governs this action and that, under New York law, plaintiff's brain injury tolls the Convention's two-year time limitation. Pl.'s Mot. in Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n") 1–2, ECF No. 41.

---

[2] Because plaintiff failed to submit a counter statement of disputed facts in accordance with Local Rule 56.1, I deem the facts in PIA's Rule 56.1 Statement admitted. *See, e.g.*, *Booker v. BWIA W. Indies Airways Ltd.*, No. 06-CV-2146 (RER), 2007 WL 1351927, at *1 (E.D.N.Y. May 8, 2007), *aff'd* 307 F. App'x 491 (2d Cir. 2009).

2

**SUMMARY JUDGMENT STANDARD**

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine dispute" exists for the purposes of summary judgment "where the evidence is such that a reasonable jury could decide in the non-movant's favor." *Beyer v. Cty. of Nassau*, 524 F.3d 160, 163 (2d Cir. 2008). In reviewing a motion for summary judgment, I "must 'construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant.'" *Id.* (quoting *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003)).

**DISCUSSION**

**I.     The Montreal Convention exclusively governs this action.**

Defendant argues that the Montreal Convention exclusively governs plaintiff's claims and preempts all state claims. *See* Def.'s Mot. 4. Plaintiff argues that New York law should apply because plaintiff filed his case in New York Supreme Court before defendant removed to federal court. *See* Pl.'s Opp'n 1–2. Defendant is correct.

The Montreal Convention, to which the United States became a party in 2003 and Pakistan became a party in 2007,[3] applies to "all international carriage of persons, baggage or cargo performed by aircraft for reward." Montreal Convention art. 1(1). International carriage is defined as "any carriage in which, according to the agreement between the parties, the place of departure and the place of destination . . . are situated either within the territories of two State Parties, or within the territory of a single State Party if there is an agreed stopping place within the territory of another state . . . ." *Id.* at art. 1(2). With respect to "the carriage of passengers, baggage and cargo," the

---

[3] *See* International Civil Aviation Organization, Official List of Signatories to the Montreal Convention, https://www.icao.int/secretariat/legal/List%20of%20Parties/Mtl99_EN.pdf.

Montreal Convention applies to "any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise . . . ." *Id.* at art. 29.

As a treaty of the United States, the Montreal Convention "is the supreme law of the land." *Best v. BWIA W. Indies Airways Ltd.*, 581 F. Supp. 2d 359, 362 (E.D.N.Y. 2008) (citing *Commercial Union Ins. Co. v. Alitalia Airlines, S.p.A.*, 347 F.3d 448, 456–57 (2d Cir. 2003)). Like the Warsaw Convention that it succeeded,[4] the Montreal Convention preempts state law claims falling within its scope. *See Mateo v. JetBlue Airways Corp.*, 847 F. Supp. 2d 383, 386–87 (E.D.N.Y. 2012) ("[T]he Montreal Convention is the exclusive means of redressing injuries that fall within its purview.") (citing *King v. American Airlines, Inc.*, 284 F.3d 352, 356–57 (2d Cir. 2002)); *see also El Al Israel Airlines, Ltd. V. Tsui Yuan Tseng*, 525 U.S. 155, 161 (1999) ("We . . . hold that recovery for a personal injury suffered 'on board [an] aircraft or in the course of any of the operations of embarking or disembarking' . . . , if not allowed under the [Warsaw] Convention, is not available at all."); *In re Nigeria Charter Flights Contract Litig.*, 520 F. Supp. 2d 447, 453 (E.D.N.Y. 2007) (explaining that because the "preemptive language" in the Warsaw and Montreal Conventions are "substantially similar," they have "'substantially the same preemptive effect'") (quoting *Paradis v. Ghana Airways Ltd.*, 384 F. Supp. 2d 106, 111 (S.D.N.Y. 2004)).

Article 17 of the Convention addresses liability for injury to passengers. It states: "The carrier is liable for damages sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking or disembarking." Montreal Convention art. 17(1). Where passengers have suffered injuries in locations under an airline's control or direction, courts

---

[4] When interpreting the Montreal Convention, courts rely on cases interpreting similar provisions of the earlier Warsaw Convention where the provisions are substantially the same. *See, e.g.*, *Ireland v. AMR Corp.*, 20 F. Supp. 3d 341, 344 (E.D.N.Y. 2014) ("Although there is a scarcity of precedent discussing Article 35 of the Montreal Convention, which entered into force in 2003, cases considering the effect of Article 35 look to prior case law interpreting an identical provision in Article 29 of the Warsaw Convention, which was the predecessor to the Montreal Convention.").

have found that Article 17 of the Convention governed their claims. *See, e.g.*, *Rajcooar v. Air India Ltd.*, 89 F. Supp. 2d 324, 327–28 (E.D.N.Y. 2000) (finding that Article 17 of the Warsaw Convention exclusively governed the claim of a passenger who, during a layover, suffered a heart attack in a transit lounge in which he was directed to stay until his connecting flight was called); *Alleyn v. Port Auth. Of N.Y. & N.J.*, 58 F. Supp. 2d 15, 21–22 (E.D.N.Y. 1999) (finding that the plaintiff's claims against the airline were covered by Article 17 of the Warsaw Convention where she was injured in a corridor under the airline's control and was acting pursuant to the airline's instruction).

Because Plaintiff was traveling from Pakistan to the United States—and, therefore, the place of departure and the place of destination were "within the territories of two State parties"—his claims are clearly within the scope of the Montreal Convention. Specifically, Article 17 governs plaintiff's claims because plaintiff claims to have sustained injuries while in a transit lounge under PIA's direction and control. *See* Compl. ¶¶ 15–20. Plaintiff's argument that New York law should govern because he filed his complaint in New York Supreme Court is unavailing: the Montreal Convention exclusively governs plaintiff's claims regardless of where he filed his action.

## II.  Plaintiff's claims are time-barred under Article 35 of the Montreal Convention.

Although the Montreal Convention governs plaintiff's claims, defendant argues that plaintiff's right to damages has been "extinguished" because plaintiff did not file his complaint within the two-year limitation period prescribed under Article 35. Def.'s Mot. 6. Plaintiff contends that the Convention's time bar should be tolled pursuant to New York's tolling provisions. *See* Pl.'s Opp'n 1–2. Again, defendant is correct.

Article 35 of the Montreal Convention provides that "[t]he right to damages shall be extinguished if an action is not brought within a period of two years, reckoned from the date of arrival at the destination, or the date on which the aircraft ought to have arrive, or from the date on which the carriage stopped." Article 35 further specifies that "[t]he method of calculating that period

5

shall be determined by the law of the court sei[z]ed of the case." Under New York Law, an action is commenced by filing of a summons and complaint. *See* N.Y. C.P.L.R. § 304(a). Plaintiff does not contest that he filed his initial complaint more than two years after his transportation ended. *See* Pl.'s Opp'n 1. Rather, plaintiff contends that the limitations period should be tolled because he had a brain injury that, he argues, provides grounds to extend the statute of limitations under New York law. *See id.* (citing N.Y. C.P.L.R. §§ 208, 1201).

Plaintiff's argument fails as a matter of law, because the Montreal Convention's two-year time bar is a condition precedent to bringing suit and is not subject to tolling. *Ireland*, 20 F. Supp. 3d at 345 (holding that "the limitation provision in Article 35 creates a condition precedent to suit, rather than a statute of limitations, and is therefore not subject to tolling"); *Mateo*, 847 F. Supp. 2d at 387 ("This limitations period 'constitutes a condition precedent—an absolute bar—to bringing suit.'" (quoting *American Home Assur. Co. v. Kuehne & Nagel (AG & Co.) KG*, 544 F. Supp. 2d 261, 263 (S.D.N.Y. 2008))); *see also Fishman by Fishman v. Delta Air Lines, Inc.*, 132 F.3d 138, 143 (2d Cir. 1998) (holding that the two-year time limitation in Article 29 of the Warsaw Convention was a "condition precedent to suit . . . that is often deemed not subject to tolling"). I agree with defendant that the case law that plaintiff relies upon is inapposite because it concerns New York's statute of limitations and tolling provisions, rather than the Montreal Convention's two-year time bar. *See* Def.'s Reply Mem. of Law in Further Supp. of Def.'s Mot. for Summ. J. 2, ECF No. 42.

## CONCLUSION

For the foregoing reasons, I grant PIA's motion for summary judgment. The Clerk of Court is directed to enter judgment for the defendant and close this case.

                                                           /s/  
                                              Allyne R. Ross  
                                              United States District Judge

Dated:        February 28, 2018  
                Brooklyn, New York